# M'Cabe *against* Morehead.

1ws513
160  312

1 WS 513
209  ²405

In replevin where the property had been delivered to the plaintiff by the sheriff, the parties on the trial agreed that the jury might find the value of the property and damages in one sum, which was to settle all further claim to the property: *Held*, that the jury were rightly instructed by the court, that in assessing the damages for the defendant they were not confined to the interest on the value, but might give more, if necessary, to compensate the defendant.

When goods are delivered to the plaintiff in replevin on a claim of property, and the plea of property is found for the defendant, the damages for detention consist of interest on the value of the goods when taken, from the time of taking till judgment rendered. But when the writ of replevin is sued out fraudulently and without colour of right, the jury may give exemplary damages, as in case of a wanton and malicious trespass.

The defendant in replevin is not entitled to special damages occasioned by interruption in business, in consequence of the property being taken from him under the writ.

A sale and delivery of personal property by one in possession contains an implied warranty of title: and on the issue of property between two persons claiming as vendees of the same goods, the vendor cannot be called as a witness, by one, to prove he sold and delivered the goods to him, and not to the other.

ERROR to the Common Pleas of *Union* county.

John M'Cabe against John Morehead. This was an action of replevin for a raft of timber.

The plaintiff gave in evidence a contract between him and

I. — 65

Cyrenius E. Wykoff, by which the latter agreed to deliver a raft of timber, particularly described, at Wrightsville, by a certain time, and then examined witnesses to prove that the timber in question was that contracted for, and that the defendant knew that at the time he purchased the timber from Wykoff.

The defendant then offered in evidence the deposition of Wykoff to prove that he had sold the timber to the defendant, and that he had never sold it to the plaintiff.

The plaintiff objected to the competency of the witness, on the ground of interest: but the court overruled the objection, and sealed a bill of exceptions.

Before the jury heard the charge of the court, the parties agreed that they might find the value of the property and damages all in one sum.

On the subject of the measure of damages, the court thus charged the jury:

By an agreement of record in this cause, the jury are to allow the *value* of the property as well as *damages*, in a single sum. If the property was wrongfully stopped by the plaintiff, and taken out of the defendant's possession at Shamokin, on its destination to market at Harrisburg or Marietta, the jury may allow the market price at Harrisburg or Marietta, deducting the expenses of taking the property there. In addition to this, the jury ought to allow at least the interest upon the value, from the time it was taken from the defendant, on the 3d of May 1838, to the present time. But the jury are not confined to the interest upon the value, in assessing damages for the taking and detention. They may give more than that amount, if they think under all the circumstances, that will not be sufficient to make the defendant whole, and compensate him for the injury he has sustained.

Verdict for defendant, for $511.46.

*Miller* and *Greenough*, for plaintiff in error. Wykoff was not a competent witness, but was interested to defeat the plaintiff's recovery. In an action by the defendant against him, on the warranty implied in the sale and delivery, he would have been entitled to recover the costs of this action as part of his damages. That there was an implied warranty, see *Ross on Vend.* 334; 2 *Stark.* 752.

The measure of damages in a case like this, where there was, to say the least of it, an honest difference of opinion about the right, can be no other than the value of the property and interest. 4 *Pick.* 466; 7 *Cow.* 294; 14 *Johns.* 128; 8 *Wend.* 705; 2 *Wend.* 144; 14 *Johns.* 385; 12 *Pick.* 324; *Roscoe* 82.

*Hepburn*, for defendant in error, on the subject of the measure of damages, argued that the facts of the case exhibited oppressive conduct on the part of the plaintiff, such as justified the

[M'Cabe v. Morehead.]

court in referring them to the jury, with instructions that they might allow damages beyond the value of the property and interest, and cited 4 *Watts* 418; 8 *Wend.* 505; 5 *Serg. & Rawle* 130; 3 *Watts* 287; 6 *Serg. & Rawle* 300, 426; 3 *Watts* 333; 12 *Serg. & Rawle* 94.

The opinion of the Court was delivered by

SERGEANT, J.—Two errors have been assigned in the present case. The first is in admitting the deposition of Cyrenius E. Wykoff, which was received in evidence on the part of the defendant, having been objected to by the plaintiff, who alleged that Wykoff was interested in favour of the defendant, and was therefore an incompetent witness. The court below, it is stated, considered him as indifferent between these parties, and equally liable to either, and therefore a competent witness. We are of opinion that so far as regarded the costs of this suit, he was more interested in the success of the defendant, than that of the plaintiff, and was therefore an incompetent witness. His evidence goes to establish that he sold and delivered the lumber in dispute, to Morehead; and not to M'Cabe. If this be so, although he might possibly be liable to M'Cabe, in case of M'Cabe's failure here, in an action against him by M'Cabe, for breach of contract, in not delivering lumber according to his engagement; yet he was not liable, so far as respected the claim of M'Cabe to the lumber now in question. Whereas, according to his showing, he would be liable to Morehead, in case of Morehead's failure in this suit, for the non-delivery of this very lumber. For as every sale and delivery of personal property by one in possession, contains an implied warranty of title, he would stand in relation to Morehead as a guarantor of this lumber; and if Morehead lost it by a better title existing in M'Cabe, he would be responsible to Morehead for the costs of this suit. We therefore think the court below erred in admitting the deposition of Morehead.

The second error assigned is in the charge of the court. It appears that during the trial of the cause, the parties agreed that the jury might find the value of the property and damages in one sum, which was to settle all further claim to the property. The judge, in his charge, told the jury that in assessing the damages for the taking and detention, they were not confined to the interest upon the value, but might give more than that amount, if they thought, under all the circumstances, that amount was not sufficient to make the defendant whole, to compensate him for the injury he had sustained. By the above-mentioned agreement of the parties, the case was taken out of the general practice in replevin, which is, that where the property is delivered by the sheriff to the plaintiff in the replevin, on a claim of property, and the plea of property is found for the defendant, he is entitled to a return of the property, and damages for the detention. *Easton*

[M'Cabe v. Morehead.]

v. *Worthington*, (5 *Serg. & Rawle* 130). These damages ordinarily consist of the interest on the value of the goods when taken, from the time of taking till the judgment rendered. There are, however, cases where the jury may be allowed to give more than this interest. Where a writ of replevin is sued out fraudulently, and without colour of right, the jury would be warranted in giving even exemplary damages, in the same manner as they might do for a wanton or malicious trespass. *Brizsee* v. *Maybee*, (21 *Wend.* 144). Even in trover, which merely complains of a finding and conversion of the property, it was held by the court in *Taylor* v. *Morgan*, (3 *Watts* 334) that the plaintiff may, under circumstances of vexation or oppression in the taking of the property by the defendant, recover more than the value of the property and interest. There is no reason why the defendant in replevin, should not have the same measure of damages, on a verdict finding the plea of property in his favour. But I am not aware that in any other instances the measure of damages has been allowed to exceed the interest. It has been expressly held that the defendant is not entitled to any special damages he has sustained by being interrupted in his business, in consequence of the property being taken from him under the replevin. *Brizsee* v. *Maybee*, (21 *Wend.* 144).

In examining the evidence in the present case, there does not seem to be any thing in the conduct of the plaintiff in taking out the replevin, and claiming and detaining the property, manifesting malice or wanton vexation. Wykoff had made a contract with him to furnish him two rafts of lumber, and although this identical raft would seem never to have been his, but to have been sold and delivered to Morehead, M'Cabe might honestly believe he had a right to it. If so, the payment of the value and interest, and costs of suit, appears to be a sufficient penalty upon him for asserting by legal process, a mistaken claim. The jury ought, however, in assessing the damages, to give Morehead the full value of the articles at the place they were to be delivered, and at the time they were to be so delivered, and the interest on that sum. This is the legal compensation in a case where no wanton, vexatious, oppressive, or culpable conduct on the part of the plaintiff is proved.

Judgment reversed, and *venire facias de novo* awarded.