# Herdic *versus* Young.

1. The defendant, mistaking his line, cut logs on the adjoining tract and transported them to a boom. The measure of damages, if the trespass was unintentional, would be the value of the logs in the boom, less the cost of cutting and hauling them to the river and driving them to the boom.

2. Replevin lies in Pennsylvania wherever one man claims goods in the possession of another without regard to the manner of obtaining possession.

3. The action is founded on an unlawful taking, which fixes the character of the recovery and enters directly into the question of damages.

4. Replevin sounds in damages as trespass; and exemplary damages may be given if there has been outrage in the taking, or vexation and oppression in the detention.

5. A verdict for the plaintiff in replevin on retention by the defendant, and a plea of property, transfers the title.

March 29th 1867. Before THOMPSON, STRONG and AGNEW, JJ. READ, J., at Nisi Prius. WOODWARD, C. J., absent.

This was a writ of error taken by the plaintiffs in same case as the preceding (Young *v.* Herdic, p. 172).

The logs for which the replevin was brought were hauled by the defendants, Young & Co., from the land where they were cut to a tributary of the Susquehanna, and floated to the Susquehanna Boom, in Lycoming county.

On the trial, before Jordan, P. J., the plaintiffs offered to prove the value of the logs in the boom at Williamsport in the spring of 1864.

The defendants objected; the court sustained the objection, and the plaintiffs excepted.

The court charged the jury, "if they found for the plaintiffs, they were to estimate its value on the stump at the time and place where the timber was cut."

The plaintiffs assigned the rejection of their evidence, and the foregoing portion of the charge, for error.

*G. White* and *J. W. Comly*, for plaintiffs in error, cited Snyder *v.* Vaux, 2 Rawle 423; Church *v.* Lee, 5 Johns. 348; Curtis *v.* Groat, 6 Id. 168; Babcock *v.* Gill, 10 Id. 287; Brown *v.* Fox, 7 Cowen 95; Sillsbury *v.* McKoon, 3 Coms. 379; Marsh *v.* Pier, 4 Rawle 290; Etter *v.* Edwards, 4 Watts 63; Chaffee *v.* Sangston, 10 Id. 267; Moore *v.* Shenk, 3 Barr 13; Fisher *v.* Whoollery, 1 Casey 197; Baker *v.* Wheeler, 8 Wend. 505; F. N. B. 159, 160.

*W. H. Armstrong* and *H. C. Parsons*, for defendants in error, cited Baker *v.* Wheeler, 8 Wend. 505; Brown *v.* Fox, 7 Cowen 95; Curtis *v.* Groat, 6 Johns. 120; Church *v.* Lee, 5 Id. 348; Butler's N. P. 32.

The opinion of the court was delivered, May 13th 1867 by

[Herdic *v.* Young.]

AGNEW, J.—This writ of error taken by the plaintiffs below raises a single question—as to the true measure of damages. The defendants being engaged in cutting timber on their own tract, but, mistaking their true boundary, cut saw-logs on the adjoining tract of the plaintiffs. The act seems not to have been wilful or wanton, but to have been done in a bonâ fide belief of title to the *locus in quo.* The logs were driven to the boom by the defendants, and there replevied by the plaintiffs. The plaintiffs offered proof of the value of the logs at the boom, which was rejected by the court, and the jury were instructed that the measure of damages was the value of the timber on the stump where the trees were cut. The question is perhaps a new one in this state, and not well settled elsewhere; but it seems to me there are well-known principles to lead us to a proper conclusion. Replevin lies in this state wherever one man claims goods in the possession of another, without regard to the manner in which the possession was obtained: 16 S. & R. 301; 1 Dallas 157; 6 Binn. 3; 3 S. & R. 562; 2 Rawle 428. But in its origin the action was founded upon an unlawful taking of the property: Wilkeson on Replevin 6; Law Library, p. 1; 3 Black. Com. 145. It was confined, according to Sir William Blackstone, to the single case of taking goods by distress, but the earlier and later English authorities show that this is an error: 3 Chitty's Blackstone 145, in notes; 1 Chitty's General Practice 811, chap. 10, § 2. The unlawful taking gives character therefore to the recovery, and enters directly into the question of damages. Hence it is said that in replevin a verdict for the plaintiff gives damages precisely as in trespass; and, if the verdict be for the defendant, damages are given as in a verdict for a plaintiff in trespass: Vol. 1, part 2 Troubat & Haly's Penna. Practice, by Fish, ed. 1867, p. 585, citing Archbold's Practice 193; McDonald *v.* Scaife, 1 Jones 385. Rogers, J., in the last case, cites the language of C. J. Kent, in Hopkins *v.* Hopkins, 10 Johns. 372, that the action of replevin is grounded on a tortious taking, and it sounds in damages like an action of trespass. The analogy has been carried so far in this state that the settled doctrine in replevin is, that exemplary damages may be given where there has been outrage in the taking, or vexation and oppression in the detention: McDonald *v.* Scaife, *supra;* McCabe *v.* Morehead, 1 W. & S. 513. In the last case, Sergeant, J., citing Brizbee *v.* Meybee, 24 Wend., says, where a writ of replevin is sued out fraudulently, and without color of right, the jury would be warranted in giving even exemplary damages, in the same manner they might do for a wanton and malicious trespass. So the effect of a verdict for the plaintiff in replevin for damages on a plea of property and retention by the defendant, is to transfer the title in the goods;

[Herdic *v.* Young.]

so much so, that a clause in the property bond to return them to the ~~plaintiff~~ is void : Moore *v.* Shenk, 3 Barr 13.

The value of the property being in replevin, as in trespass, the common measure of damages was not the only guide ; the moment we are at liberty to resort to the circumstances attending the taking to qualify the general rule, it can make no difference whether the purpose be to moderate or to enlarge the damages. If we go beyond the value to compensate for injustice and outrage, the same principle requires us, in a proper case, to restrict a value derived from the labor and expense of the defendant to that less sum which the state of the property at the time of taking and the true demands of justice require. As remarked by Lowrie, C. J., in Morrison *v.* Robinson, 7 Casey 458, our natural sense of justice furnishes the ground and the measure of compensation for injuries done by one man to the property of another, and demands an adequate remedy to obtain it.

In trespass for mesne profits, compensation was therefore held to be the measure of damages, and the defendant will be allowed for the value of permanent improvements erected by one whose title he had bought. On the same point see Huston *v.* Wickersham, 2 W. & S. 314 ; Jones *v.* Brownfield, 2 Barr 59, per Grier, P. J. Such compensation merely would have been the standard in this case, had ejectment or trespass *quare clausum fregit* been brought, instead of replevin. The value of the timber on the ground would have measured the mesne profits. · Upon principle and analogy, it is unjust to give to the plaintiffs the advantage of the labor and expense of the defendants cutting and hauling the logs and driving them to the boom. Yet if we confine our view to the condition of the property at the time of replevy, instead of going back to the time of the taking, this would be the mere effect of a change in the form of action, and not of an alteration of the circumstances. It is well known that the expense of cutting, hauling and rafting to a distant market far exceeds the cost of the timber on the ground, or timber leave, as it is often called. If we add to this, as might be the case, the expense of sawing the logs into boards, and a replevin for the boards, the injustice is gross, in a case of inadvertent trespass.

The primary purpose of replevin is to recover the property *in specie ;* not its value.

A change in its form will not prevent this, so long as its identity can be established. Snyder *v.* Vaux, 2 Rawle 425, decides that the converting of timber trees, cut by the defendant, into posts and rails, is not such an alteration as to prevent a recovery in replevin. A wilful trespasser, says Justice Smith, cannot acquire title to property merely by changing it from one article into another ; as by working trees cut down into shingles,

[Herdic *v.* Young.]

or into cord-wood or rails, so long as the identity of the original materials can be shown.   It is in the power of the defendant in replevin to relinquish that proportion of its value which his labor or money has added to it by suffering the sheriff to return it to the owner.

But this result depends on himself.   If he claim the additional value, it is always his right to retain the property by giving a property bond ; and the effect of a verdict for damages in favor of the plaintiff is to transfer the title to the defendant. \ If, therefore, he denies that his trespass was wilful or wanton, and claims a right to the additional value given to the chattel by his labor and money in converting and transporting it to the place where it is replevied, he has it in his power to bring the damages of the plaintiff to their true standard.   In a case of inadvertent trespass, or one done under a bonâ fide, but mistaken, belief of right, this would generally be the value of the logs at the boom (the place here of replevy), less the cost of cutting, hauling and driving to the boom. \ Such a standard of damages, growing out of the nature of the act and of the form of action, is reasonable, and does justice to both parties.   It saves to the otherwise innocent defendant his labor and money, and gives to the owner the enhancement of the value of his property growing out of other circumstances, such as a rise in the market price, a difference in price between localities or other adventitious causes.

These principles are recognised fully by Mr. Sedgwick in his valuable Treatise on Damages, ed. 1852, " That the intent of the defendant is material in regard to damages, has always been recognised in our law," p. 455.

" The question of intention is urged only in mitigation or aggravation of damages :" Id. 455, 528.   On page 495, he says, " If the property has been altered and increased in value, the rule would again depend on the character of the conversion.   If that were wilful, then the value of the articles so increased would be the rule.   But this should never be where the act was bonâ fide ; and in such case the true rule would be to allow the defendant for whatever value his labor had actually conferred upon the property."   See also page 501.

The court below erred therefore in rejecting the plaintiffs' evidence of the value of the logs in the boom; the evidence being received, the defendants would be left to rebut it, if their trespass was unintentional, by showing how much it cost to cut and haul the logs and drive them to the boom.

The judgment is reversed, and a *venire facias de novo* awarded.