# Duroth Manufacturing Company *v.* Cauffiel, Appellant.

*Jurisdiction—Parties—Unregistered foreign corporation — Replevin.*

1. An unregistered foreign corporation owning personal property in this State is entitled to maintain an action of replevin therefor in the courts of Pennsylvania.

*Replevin—Recovery—Transfer of title — Damages — Nominal damages—Exemplary damages—Writ of retorno habendo—Acts of April 19, 1901, P. L. 88, and April 14, 1905, P. L. 163.*

2. When the plaintiff in an action of replevin recovers the value of the property replevied, the effect is to transfer the title to the defendant.

3. The Pennsylvania rule in replevin is to value the property as of the time of the issuance of the writ, and any decrease or difference between the value at the date of the conversion and at the time of the writ, which is properly attributable to the defendant, can be allowed as damages for the detention.

4. When a plaintiff by its own acts entirely destroyed any real

value of stocks and bonds which it seeks to recover in a replevin suit, that form of action is ineffective for the purpose of the relief sought further than to afford a remedy for the recovery of the specific things replevied, that is, the certificates for the stocks and bonds which in their cancelled state had but a nominal value.

5. Where in an action of replevin by a foreign corporation to recover stocks and bonds belonging to it and in the hands of the defendant in this state, it appears that plaintiff company had placed eight thousand dollars of its bonds and five thousand dollars par value in stock in the hands of the defendant upon his agreement to hold them for the plaintiff company until defendant delivered up in exchange an electric plant; that defendant refused either to transfer the plant or to return the bonds to the plaintiff; and that the plaintiff company, after such refusal on the part of the defendant, rescinded the contract of exchange and formally cancelled and annulled the stocks and bonds; if the jury finds no exemplary damages, only nominal damages can be recovered.

6. In such case, had the stocks and bonds been left extant as living securities, in the absence of a market value, the proper way to prove their intrinsic value would have been by evidence of the net value of the assets and business of the corporation, to be considered in connection with the amount of stocks and bonds outstanding, which could have been supplemented by proof of bona fide sales thereof not too remote from the time in question, and any evidence showing apparent admissions of value on the part of the defendant likewise could have been taken into account.

7. Under peculiar circumstances of outrage, vexation, oppression or fraud in the taking or retention, punitive or exemplary damages can be given in replevin.

8. Where in an action of replevin the property sought to be replevied has but a nominal value, and the verdict of the jury states that they found no "exemplary or punitive damages," only nominal damages are recoverable.

9. Prior to the Acts of April 19, 1901, P. L. 88, and April 14, 1905, P. L. 163, a defendant alone was entitled to a writ of retorno habendo; but since the Act of April 19, 1901, P. L. 89, the plaintiff may "at his option, issue a writ in the nature of a writ of retorno habendo" requiring the delivery to him of the property replevied.

Argued Oct. 8, 1913. Appeal, No. 233, Oct. T., 1913, by defendant, from judgment of C. P. Cambria Co., September T., 1911, No. 170, in case of Duroth Manufacturing Company v. Joseph Cauffiel. Before FELL, C. J.,

BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Modified and affirmed.

Replevin for the recovery of stocks and bonds. Before STEPHENS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for the property in suit and for $2,600 damages for detention, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, various instructions to the jury and answers to points.

*John Marron,* with him *A. Lloyd Adams* and *F. P. Martin,* for appellant.—The plaintiff being an unregistered foreign corporation is not entitled to maintain an action of replevin in the courts of this Commonwealth: Del. River Quarry & Construction Co. v. R. R. Co., 204 Pa. 22; Chicago Bldg. & Mfg. Co. v. Myton, 24 Pa. Superior Ct. 16; Kilgore v. Smith, 122 Pa. 48; Wolff Dryer Co. v. Bigler, 192 Pa. 466; West Jersey Ice Machine Co. v. Armour, 12 Pa. Superior Ct. 443; Milsom Rendering, Etc., Co. v. Kelly, 10 Pa. Superior Ct. 565; Mearshon v. Lumber Co., 187 Pa. 12; Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389; Bennett v. Bldg. & Loan Assn., 177 Pa. 233; People's Bldg., Loan & Savings Assn. v. Berlin, 201 Pa. 1; Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526.

The measure of damages in replevin is the value of the goods at the time the writ issued and the evidence of the value at a time long subsequent, although accompanied by an offer to show the intermediate deterioration is inadmissable; Brindle v. Adams, 3 W. N. C. 5; Phillips v. Stroup, 1 Mona. 517; Herdic v. Young, 55 Pa. 176; Morrison v. Robinson, 31 Pa. 456.   There was no evidence in the case to justify a verdict for exemplary damages: North v. Phillips, 89 Pa. 250; Huntingdon &

Broad Top R. R. & Coal Co. v. English, 86 Pa. 247; Neiler v. Kelley, 69 Pa. 403.

*Frank P. Barnhart,* for appellee.—It is not necessary that a foreign corporation register to maintain an action in replevin: Wolff Dryer Co. v. Bigler, 192 Pa. 466; Berry Hill Mineral Spring Co. v. Pile, 35 Pa. C. C. R. 354; National Cash Register Co. v. Shurber, 41 Pa. Superior Ct. 187; United States Circle Swing Co. v. Reynolds, 224 Pa. 577; King Optical Co. v. Royal Insurance Co., 24 Pa. Superior Ct. 527. The general rule that in replevin the measure of damages is the value of the goods at the time the writ was issued, admits of many exceptions: Brindle v. Adams, 3 W. N. C. 5; Phillips v. Stroup, 1 Mona. 517. The measure of damages where the property is retained by the defendant is ordinarily the value of the property and damages for the detention, which is usually the interest on the value from the time of taking; but when the taking or detention or both are attended with circumstances of aggravation, the party is entitled to his full measure of redress in the action of replevin: Cox v. Burdette, 23 Pa. Superior Ct. 346.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1914:

This appeal is by the defendant from a judgment entered against him in an action of replevin, wherein a recovery was allowed for the value of certain bonds and stock found by the verdict to belong to the plaintiff, an unregistered foreign corporation. The jury fixed the value of the property at $5,000 and gave $2,600 damages for detention. Although there was a conflict in the testimony on some of the points, yet, in view of the verdict, and since there was evidence sufficient for the purpose, we must take as established the following material facts contended for by the plaintiff: That the plaintiff is a Delaware corporation, formed to manufacture car-wheels; that it was empowered to purchase property with its

stock and bonds; that it had an authorized capital of $50,000 divided into 500 shares, with but a comparatively small part thereof paid in cash; that it issued bonds to the amount of $15,000 or $20,000, about $5,000 of which were sold; that on September 17, 1910, the company arranged an exchange with the defendant whereby it agreed to give $8,000 of these bonds and $5,000 par value in stock for an electric light plant at Franklin, Pa.; that the stock and bonds were put in the hands of the defendant upon his agreement to hold them for the plaintiff company until he delivered the electric plant to it, which he was to do on October 1, 1910; that although often requested to carry out the contract of exchange, the defendant arbitrarily refused to transfer the plant or to return the stock and bonds to the plaintiff; that in an effort to deceive the plaintiff he made a sham sale of the stock and bonds for an alleged consideration of $8,000, but that in fact they remained in the defendant's control up to and including the time of trial; that when the plaintiff company was unable to obtain either the electric plant or the securities, it rescinded the contract of exchange, formally cancelled and annulled the stock and bonds, and subsequently brought this action of replevin.

Three substantial questions are presented for our consideration: (1) The plaintiff company being an unregistered foreign corporation, under the circumstances of this case, was it entitled in law to maintain its present action in the courts of Pennsylvania? (2) If the above point is answered in the affirmative, then, under the evidence and the applicable rules of law, can the finding of the jury as to the value of the replevied property be sustained? (3) Under the facts and the relevant rules of law, can the award of damages comprehended in the verdict be sustained?

For the purposes of this case it is not necessary to decide whether the plaintiff was "doing business" in such a way and to such an extent as to bring it within the Acts of April 22, 1874, P. L. 108, and June 8, 1911, P. L.

710. The cases cited by the appellant relate to the right of unregistered foreign corporations to enforce contracts made in the conduct of business in this State or to recover property accruing to them through such contracts, and they have no application to the facts at bar. Here the plaintiff did not seek to recover through or by reason of any contract entered into with the defendant; it simply sought the return of property belonging to it which had been delivered to the latter, the ownership of which it maintained had never passed to the defendant. There is no statute or policy of law which prevents an unregistered foreign corporation from owning personal property in this State or from asserting its title and recovering the same in judicial proceedings under such circumstances. While no authority has been cited by counsel on either side where an unregistered foreign corporation sought to recover or enforce its property rights on facts similar to those before us, yet the principle we have just stated is recognized in the following cases: Wolff Dryer Co. v. Bigler, 192 Pa. 466; New York & Scranton Const. Co. v. Winton, 208 Pa. 467, 471; U. S. Circle Swing Co. v. Reynolds, 224 Pa. 577, 582; King Optical Co. v. Royal Ins. Co., 24 Pa. Superior Ct. 527, 531; and it controls here. The first question is, therefore, answered in the affirmative.

(2) In considering the second question, we must start with the rule in mind that when a plaintiff recovers the value of property replevied the effect is to transfer the title to the defendant: Fisher v. Whoollery, 25 Pa. 197; Herdic v. Young, 55 Pa. 176, 177. Under this rule the plaintiff receives the value of the articles retained by the defendant, and, where shown, sufficient incidental damages to compensate him; but, on the other hand, the defendant is supposed to get and retain property of a like value. Here the plaintiff by its own independent action deprived the property in question of any real value, at least six months before the writ of replevin issued. As stated by counsel for the plaintiff in their paper book,

"The contract whereby the plaintiff and the defendant agreed to exchange bonds and stock for machinery was rescinded and whatever contractual relations there had been were called off"; but more than this, on January 6, 1911, for the express purpose of making the stock and bonds in question "absolutely worthless" to the defendant, the following resolution was passed by the plaintiff corporation:   "That $8,000 of bonds and $5,000 worth of stock given to Joseph Cauffiel for the purchase of the Franklin Electric Light plant be annulled and cancelled," and on January 11, 1911, the representative of the defendant was notified that "said bonds and stock have been declared by this company to be null and void and have been cancelled on the books of the company." The stock and bonds were in the possession of the defendant, who held them for the plaintiff company; hence, the cancellation was within the right of the plaintiff and effective as to the defendant, and as between the parties it reduced the things replevied to a mere nominal value. The Pennsylvania rule in replevin is to value the property as of the time of the issuance of the writ (Herdic v. Young, supra, p. 178; Brindle v. Adams, 3 W. N. C. 5; Phillips v. Stroup, 1 Mona. 517; Johnson v. Groff, 22 Pa. Superior Ct. 85, 92), and any decrease or difference between the value at the date of the conversion and at the time of the writ, which is properly attributable to the defendant, can be allowed as damages for detention. There is nothing to take this case out of our general rule. The stock and bonds sought to be recovered had no market value, and according to the evidence they steadily depreciated after the conversion; under these circumstances, had they been left extant as living securities, the proper way to have proved their intrinsic value would have been by evidence of the net value of the assets and business of the corporation (McDonald v. Danahy, 196 Ill. 133; State v. Carpenter, 51 Ohio 83, 88; Redding v. Godwin, 44 Minn. 355, 358; Murray v. Stanton, 99 Mass. 345, 349; Industrial & Gen'l Trust v. Tod,

180 N. Y. 215, 232; Vail v. Reynolds, 118 N. Y. 297, 302; Henry v. North American Ry. Const. Co., 158 Fed. Repr. 79, 81), to be considered in connection with the amount of stock and bonds outstanding; which could have been supplemented by proof of bona fide sales thereof not too remote from the time in question (Humphreys·v. Minn. Clay Co., 94 Minn. 469, 471; Vail v. Reynolds, supra, 302; 2 Cook on Corporations, (6th Ed.), section 581, p. 1599); and any evidence showing apparent admissions of value on the part of the defendant likewise could have been taken into account (34 Cyc. 1504-5). When, in the beginning of the trial, the plaintiff attempted to introduce evidence of the character first above referred to, it was ruled out, and no further effort was made in that direction, as to the other testimony depended upon to show value, to say the least, it was vague, uncertain and unsatisfactory. But it is not necessary to discuss the sufficiency of the proofs, for, as already stated, the plaintiff, before bringing replevin, by the resolution of January 6, 1911, entirely destroyed any real value which these particular stocks and bonds had; hence, the form of action chosen by it became ineffective for the purpose of the relief sought, further than to afford a remedy for the recovery of the specific things replevied, that is, the certificates for the stock and bonds, which in their cancelled state had but a nominal value. The second question must be answered in the negative.

(3) On the third question, the plaintiff seeks to sustain the award of $2,600 damages for detention upon the ground that, "from the date when the detention commenced, October 1, 1910, the defendant by his acts, made sales impossible and caused the value of the plaintiff company's stocks and bonds to decrease." It is not necessary to decide the legal point, whether a substantial award of incidental damages can stand where the value of the replevied property is merely nominal; for, since the articles replevied had no actual value, so much of this $2,600 as covers interest on their supposed real value,

as fixed by the jury, necessarily fails, and the balance cannot be sustained, for the proofs relied upon are entirely insufficient to that end. To sustain the award the plaintiff points to evidence which consists of mere assertions made by one or two witnesses that, owing to the actions of the defendant, the company had difficulty in disposing of its stock and securities, without giving any sufficient data that would justify a jury in accepting these assertions or to support a conclusion that the depreciation in vale of the stock and bonds was due to the conduct of the defendant; in fact one of the witnesses expressly stated, "Whether it was on account of Joe (the defendant) I do not know," and while the other witness testified that when he heard of the transaction with Cauffiel he "got cross about it" and "dropped out and would have nothing more to do with it," and that "when Mr. Cauffiel got the bonds nobody else would put in any money, and of course I would not because there was no value to the bonds," he failed to state how much he would have put in under other circumstances or to tell of any other particular person or persons who refused to subscribe to the company. After reading and considering the whole body of the evidence, we fail to see how the award of $2,600 can be sustained as proved special damages; no more can it be sustained as exemplary damages. It has been decided, as contended by the plaintiff, that "under peculiar circumstances of outrage, vexation, oppression or fraud in the taking or detention," punitive or exemplary damages may be given in replevin (McDonald v. Scaife, 11 Pa. 381, 385; Schofield v. Ferrers, 46 Pa. 438, 439; Herdic v. Young, 55 Pa. 176, 177; Craig v. Kline, 65 Pa. 399, 415; Wiley v. Mc-Grath, 194 Pa. 498; Lubin Manufacturing Co. v. Swaab, 240 Pa. 182), and considering the conduct of the present defendant, this case might well be brought within the authorities; but whether or not exemplary damages should be awarded was a question which was properly submitted to the jury, and on that issue the verdict

states that they found no "exemplary or punitive damages." The third question must also be answered in the negative.

The plaintiff company may well feel that it was badly treated by the defendant, but when it annulled the contract and cancelled the bonds and stock held by him it took matters into its own hands, and when, under the circumstances, it subsequently chose replevin as a remedy, it became bound by the rules applicable to that form of action. Prior to the recent legislation upon the subject (April 19, 1901, P. L. 88; April 14, 1905, P. L. 163), a defendant alone was entitled to a writ of retorno habendo; but since the Act of 1901, supra (sec. 7), the plaintiff may "at his option issue a writ in the nature of a writ of retorno habendo" requiring the delivery to him of the property replevied. The defendant here presumably still has the property in his possession, for at the time of trial his counsel made an express tender of "the bonds and stock mentioned and described in the writ of replevin," which was subsequently withdrawn when counsel for the plaintiff refused to accept the tender, unless upon condition that it be allowed compensation for detention and exemplary damages. When this record is returned to the court below the plaintiff may secure a writ of retorno habendo to obtain the certificates of stock and bonds sought to be recovered, with "an added clause of fieri facias as to the......costs."

We have endeavored to express our general thoughts upon the material points involved in this case, but we do not deem it essential and shall not attempt to pass specifically upon each of the thirty-four assignments of error. The record is returned to the court below with directions to strike out the monetary awards, but to permit the judgment in favor of the plaintiff to remain for nominal damages and costs; to this extent the judgment is affirmed.