## Guinn *v.* Vitte, Appellant.

*Replevin—Value of articles replevied—Affidavit under Act of March 19, 1903, P. L. 39.*

On the trial of an action of replevin it is reversible error for the court to admit as prima facie proof of value of the articles replevied, the affidavit filed by plaintiff under Section 2 of the Act of March 19, 1903, P. L. 39, amending Section 8 of the Act of April 19, 1901, P. L. 88, to determine the amount of bail.

Such an affidavit is not fatally defective because it does not contain the words "which shall be the cost to the defendant of replacing them."　.

In an action of replevin to recover the head and hide of a deer, the defendant may show that at the time of the trial the deer's head had been mounted and the skin cured by a taxidermist at defendant's cost, and its value thereby enhanced.

Argued April 13, 1916. Appeal, No. 48, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 1499, on verdict for plaintiff in case of Fred M. Guinn v. Paul Vitte. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Replevin for the head and hide of a deer. Before REID, J.

At the trial it appeared that the plaintiff claimed the head and the hide under an agreement made with the defendant at the time the two men started on a hunting trip, that the one who first shot a deer should have the trophies. There was evidence that the deer was wounded by both hunters, but that it escaped and was shortly afterwards killed by a third hunter. The defendant took the carcass home, and it appeared that at the time

of the trial the deer's head had been mounted and the skin cured by a taxidermist at the defendant's cost.

At the trial the court permitted the plaintiff to offer in evidence the affidavit filed by him for the purpose of determining the amount of bail.   (1)

The court charged in part as follows:

["The question of the value of the trophies comes up for your consideration.   The court permitted the offer of the affidavit in this case which the law requires to be filed, showing the value of this trophy as one hundred dollars.   Unless such affidavit be filed the plaintiff cannot obtain his writ and the prothonotary would not accept his bond.   It is an essential part of the proceeding, and the law, as I understand it, is that it is the prima facie value; that is, until it is contradicted, until some one says that it is not true.   There was no testimony offered to contradict the averment of that affidavit that these trophies are worth one hundred dollars.   But whether they are worth one hundred dollars or not, it seems to me, is, after all, gentlemen, a question which you must determine under all the facts in evidence.   It is only prima facie—that is, upon its face,—until attacked, the apparent evidence of value.]   (2)

["But what are they worth?   You must find the value. If the trophies had been replevied while they were still yet with the blood of this deer in the woods of Cameron County, that would be the place in which the value ought to be tested.   Still they were replevied here after they were mounted.   So, therefore, what was this head and this hide reasonably worth when it was replevied by the plaintiff in this case?   If it was not worth one hundred dollars, how much was it worth?   If you find for the plaintiff in this case, you simply find for the plaintiff, and you assess and fix the value of the property replevied at so many dollars, naming the amount of the value that you fix, and assess damages for its detention at so much.   There is no evidence of any injury or damage of any special amount for holding back this property.

611, (1916).]    Charge of Court below—Arguments.

Your damages for detention ought to be assessed at six and a quarter cents if you find for the plaintiff.    If you find for the defendant, that is all you have to say, that is the end of the case.]    (3)

["To procure such a writ the plaintiff was obliged to give a bond in an amount double the alleged value of the article, which was stated as one hundred dollars, the bond therefore being two hundred dollars.    Had the defendant not given what is known in law as a counter bond in a similar amount, by which he asserted again his title and retained possession of the articles, the sheriff would have delivered the thing or things in question to the plaintiff; but the defendant did see fit to give a counter bond, by which he retained possession of the articles in question.    He does not own them unless the decision of a proper tribunal should be in his favor; otherwise he would be compelled to surrender them to the owner."]    (5)

Verdict and judgment for plaintiff for $50.    Defendant appealed.

*Errors assigned,* among others, were (1) rulings on evidence quoting the bill of exceptions; (2, 3, 5) above instructions quoting them.

*F. C. McGirr,* for appellant.—It was error to admit the affidavit: Pittsburgh's App., 79 Pa. 317; Gibbs v. Bartlett, 2 W. & S. 29.

It has been held in Ammerman v. Stone, 11 D. R. 726, that the affidavit provided by the act of assembly is a statutory prerequisite to the issuance of the writ, and a writ issued without the affidavit will be quashed.    If this be the law, it would seem that the court in the present case was without jurisdiction, as the proper affidavit had not been made.

*Thomas M. Benner,* with him *William Henry Colvin,* for appellee, cited as to value: Gibbs v. Bartlett, 2 W.

Arguments—Opinion of the Court. [63 Pa. Superior Ct. & S. 29; Com. v. Lelar, 1 Philadelphia, 173; Kleber v. Bradshaw, 23 Pitts. L. Journ. 185; Winton Motor Carriage Co. v. Blomberg, 84 Wash. 451; Gilroy v. Everson Hickok Co., 118 N. Y. App. 733; American Box Ball Co. v. Wood, 150 Pac. 1047; Briggs v. Wiswell, 56 N. H. 319; Phillips v. Stroup, 17 Atlantic 220; Craig v. Kline, 65 Pa. 399; Foster v. Weaver, 118 Pa. 42.

OPINION BY TREXLER, J., July 18, 1916:

This is an action of replevin.

There are three errors alleged.

First: The trial judge admitted as prima facie proof of value of the articles replevied, the affidavit which the plaintiff filed under the 2d Section of the Act of March 19, 1903, P. L. 39, amending Section 8 of the Act of April 19, 1901, P. L. 88. The act provides, "In order to determine the amount of bail, the plaintiff shall make an affidavit of the value of the goods and chattels which value shall be the cost to the defendant of replacing them should the issue be decided in his favor."

Ex parte affidavits although made in court proceedings are excluded unless there are statutory provisions to the contrary, Chamberlayne, Section 2758, Wigmore, Sections 1384, 1690. The only purpose of the affidavit was to fix the amount of bail. Having served its purpose, as was said in regard to an affidavit of defense in Kittanning Boro. v. Kittanning Con. Nat. Gas Co., 26 Pa. Superior Ct. 355, it cannot now be offered on the trial as evidence of the facts therein alleged.

Ex parte affidavits are at best but a very weak kind of evidence and generally formed by the ground of some preliminary or interlocutory action, but are never unless it be especially so provided by Act of Assembly or rule of court the foundation of judgment or decree: Pittsburgh's App., 79 Pa. 317. The principal reason in support of the common law rule as to the exclusion of such affidavit is found in the fact that no opportunity for cross-examination would be afforded were such proof allowed. The

court below relied upon Gibbs v. Bartlett, 2 W. & S. 29, but we think the case has no application. That case decides that the plaintiff's affidavit may be used against him. That is an entirely different matter than allowing it to be used in his favor. It is no answer to the objection to the affidavit that the defendant was at liberty to present proof showing a different value. The plaintiff must sustain his action by competent proof. There being no legal evidence showing plaintiff's damage, the only verdict that could have been rendered in plaintiff's favor would have been for nominal damages.

Second: The plaintiff, when he filed his affidavit under the 2d Section of the Act of 1903, supra, the pertinent part of which is quoted above, failed to insert the words "which shall be the cost to the defendant of replacing them." The omission of these words is not fatal. They may very properly have been put in the affidavit but the act does not require this to be done. The words omitted by the plaintiff are mere directions showing upon what basis the value is to be fixed, "it is to be the cost to the defendant of replacing the goods."

Third: The court instructed the jury that the value of the articles replevied was to be fixed as of the time when the writ was issued. This was in accord with the Pennsylvania rule as stated in Duroth Mfg. Co. v. Cauffiel, 243 Pa. 24, and cases there cited. The articles in the suit at bar consisted of the head and hide of a deer. The defendant caused them to be prepared by a taxidermist as trophies of the chase and being mounted they were greatly increased in value. In such case if the claim to the property is found to be in good faith, it seems under the cases of Herdic v. Young, 55 Pa. 176, and Stauffer v. Miller Soap Co., 151 Pa. 330, the latter an action of trespass, the defendant may prove that the value of the articles replevied were enhanced by his labor and money.

The first six assignments are sustained.

The judgment is reversed and a venire facias de novo is awarded.