## Rosengarten et ux. v. Budd

*Larzelere & Wright*, for plaintiffs.
*Julian W. Barnard*, for defendant.

KNIGHT, P. J., November 14, 1941.—Plaintiffs have a verdict and defendant filed this motion. In support of the motion, defendant presses his second reason for a new trial, namely, that the verdict was against the weight of the evidence.

As usual in these cases, there were two theories as to how the collision occurred. Viewed in the light most favorable to plaintiffs, the evidence discloses that plaintiffs' car was being driven by their son, on the right-hand lane of Montgomery Avenue, approaching Bangor Road, in Lower Merion Township, at 5 p.m., on

October 9, 1940. When the driver of plaintiffs' car reached a point about one hundred and fifty feet from the intersection, he set the automatic signaling device on his car so it would flash a light in the rear, indicating that he intended to make a left-hand turn, and at the same time started to move toward the center of the road. He continued on, and had started to make his left-hand turn into Bangor Road, when the car was struck by defendant's automobile, a car's length from the intersection.

It is contended by defendant that, even under plaintiffs' theory of the case, there is no evidence of negligence on the part of defendant.

We cannot agree with this contention. The electric signaling device on plaintiffs' car was set when the car was over one hundred feet from the intersection, and a following vehicle had notice that the driver of plaintiffs' car intended to make a left-hand turn. Having the notice, it was the duty of the driver of the following car to have his vehicle under such control as not to run into the preceding car while that car was in the act of making the turn.

The case was properly left to the jury, and we cannot say that the verdict was against the weight of the evidence.

The remaining reasons for a new trial grow out of a ruling by the trial judge. Mr. Rosengarten, one of the plaintiffs, was asked in cross-examination the extent of his interest in the case, to which he replied: "The repairs for the damage to the car." He was then asked:

"And what proportion of those repair costs do you get from somebody else?"

The question was objected to and the objection sustained.

Later, at side-bar, defendant offered to prove by cross-examination of plaintiff Rosengarten that the automobile of plaintiffs was covered by collision insur-

ance and that the insurance company had an interest in the proceeds of any recovery. The offer was refused.

Counsel for defendant argues that under Pa. R. C. P. 2002 all actions shall be prosecuted by and in the name of the real party in interest and that he had a right to show by cross-examination that a casualty company in the present case was a real party in interest. In Goodrich-Amram Procedural Rules Service §§2003-1 and 2003-2 it is said:

"The real party in interest rule is only a rule of procedure. It does not alter the substantive rights of the parties inter se. . . .

"In addition to the defenses which are preserved by Rule 2002, the defendant may also raise the defense that the plaintiff is not the real party in interest and is therefore not entitled to prosecute the action. If the plaintiff's initial pleading shows on its face that the plaintiff is not the real party in interest, the defendant may raise this defense as a matter of law. If it is not so apparent, the defendant raises the defense by pleading affirmatively in his affidavit of defense the facts showing that the plaintiff is not the real party in interest. If the defense is not so raised by demurrer or as an affirmative defense it will be deemed waived. In the absence of special circumstances, it cannot be raised for the first time at the trial of the action; or upon appeal; or by a collateral attack upon the judgment in the original action."

It seems to us that there are cogent reasons for the above statement of the law. As a practical matter, in the great majority of cases, the litigants know or can easily ascertain whether the cars or the parties involved are insured. To permit plaintiff to be questioned about insurance would inject a totally irrelevant issue in a case such as the one at bar, and it is easily conceivable that plaintiff's cause might be prejudiced, even if he denied that he was insured.

There may be cases in which plaintiff, through inadvertence or otherwise, has neglected to join his insur-

ance carrier as a real party, and this fact is known to defendant, who could sit back until the case was actually on trial, and then develop the fact of insurance by cross-examination, thus causing delay to plaintiff, and a loss of public time and money. We are, therefore, of the opinion that the trial judge did not err in refusing to permit plaintiff to be cross-examined as to insurance.

At the argument, counsel for defendant contended that the proposed cross-examination was proper, if for no other reason than to test the credibility of the witness.

"While a cross-examination is proper to test the knowledge and credibility of the witness, it cannot be extended so as to get before the jury incompetent and prejudicial facts not referred to in the direct examination": Murdoch v. Biery et al., 269 Pa. 577.

And now, November 14, 1941, the motion for a new trial is overruled.