2 U.S. 358
 2 Dall. 358
 1 L.Ed. 414
 Hulsecamp
v.
Teel
 Circuit Court, Pennsylvania District
 April Term, 1796
 
 1
 This was an action for an Assault and Battery committed on the High Seas, and the damages were laid in the declaration at 1000 dollars; but the controversy being referred, the referees reported only 45 dollars in favor of the plaintiff. In April term 1795, M. Levy, for the defendant, obtained a rule to shew cause, why the report of the referees should not be quashed, and the action dismissed: And the question was now argued by him on the one side, and by Rawle upon the other.
 
 
 2
 In support of the rule, Levy, having adverted to the 3rd Article of the Constitution of the United States, as the foundation of the Judicial authority, contended, that by the 11th section of the Judicial act, which establishes the jurisdiction of the Circuit Court, no suit could be there instituted and maintained, unless the plaintiff was entitled to recover, and actually recovered, a sum exceeding 500 dollars, exclusive of costs. He drew a similar inference from the provision in the 12th section of the Act, which requires that suits removed into the Circuit Court from a State Court, should be of the same value; and he distinguished between actions for tort, and actions upon contract, in order more forcibly to exclude the cognizance of the Court in the former, than in the latter, instances. The 20th section, empowering the Court to adjudge the plaintiff to pay costs, was manifestly designed, in that respect, to give a jurisdiction, which the Court would not, otherwise, possess on account of the general limitation of jurisdiction, as to the sum or matter in dispute: And in the provision, that the District Court shall have jurisdiction of offences where the fine does not exceed 100 dollars, it is evident, that the jurisdiction cannot be ascertained 'till the Judge is about to pronounce sentence.
 
 
 3
 Rawle, in opposing the rule, observed that the act of Congress did not recognize any distinction between actions for tort, and actions upon contract; but barely required that the matter in dispute should exceed the sum, or value, of 500 dollars, exclusive of costs; and the language is the same in the 9th section, in relation to the jurisdiction of the District Court in suits brought by the United States. The very provision, indeed, which authorises the Court, in the 20th section to adjudge that the plaintiff shall pay costs, where less than the sum of 500 dollars is recovered, shews clearly that the jurisdiction was intended to be vested, if the matter in dispute, as stated in the declaration, exceeds the specified amount, though a jury, or referees, should not give so much. The matter in dispute in this cause was an aggravated personal injury, which might have endangered the plaintiff's life, and certainly would have justified heavier damages.
 
 
 4
 The Judges, though they delivered their opinions separately, concurred in the following positions, as the ground of decision.
 
 
 5
 By the Court: That the sum, or value of the object in controversy, should amount to 500 dollars, was deemed by the Legislature a reasonable limit to the jurisdiction of this Court: but the law has itself, likewise, provided the remedy against any transgression of that limitation, by declaring that the plaintiff, who recovers less, may be adjudged to pay costs. The very force of the expression vests a jurisdiction; since it would be impossible to adjudge that the plaintiff should pay costs, without taking cognizance of the cause.
 
 
 6
 But whatever distinction might be made in other respects, between suits instituted to recover a sum certain, and suits brought to recover damages for a tort, certain it is, that in the latter cases there can be no rule to ascertain the jurisdiction of the Court, but the value laid in the declaration. If the finding of the Jury was the criterion, then the jurisdiction of the Court would depend entirely on the verdict; and if a verdict in favor of the plaintiff, for less than 500 dollars, would defeat the jurisdiction, a verdict against him must unquestionably be equally fatal.
 
 
 7
 We think, therefore, that the amount of the plaintiff's claim must be considered as the matter in dispute; and that upon a fair comparison and construction of the 11th and 20th sections of the Judicial act, the mere finding of a jury, or of referees, upon the question of damages, cannot affect the jurisdiction of the Court.*
 
 
 8
 Rule discharged.
 
 
 
 *
 The following authorities were cited by Peters, Justice: Debt, detinue, &c. will not lie for a debt under 40 shillings; 2 Inst. 311. 312. Com. Dig. Yet, the smallness of the sum must appear on the face of the declaration. 3 Burr. 1592. Barnes 497. and though reduced by a set-off, it will not affect the jurisdiction of the Court. 3 Wils. 48. Com. Dig. 590.
 In Wilson, plaintiff in error v. Daniel, in the Supreme Court of the United States, at August term 1798 (in the absence of Wilson, Justice) the Court adjudged, that the verdict, or judgment, was not to be regarded as the rule for fixing the value of the matter in dispute, on a question of jurisdiction: and that the demand of the plaintiff, that is, the value of the thing put in demand, is to be considered; unless the law itself makes the rule, as in an action of debt on a bond (in which only the penalty and interest can be recovered) when that rule is to be pursued, whatever may be the damages laid in the declaration.
 Iredell, Justice, agreed in the opinion of the Court, as it applied to the original suit in the inferior Court: but he dissented from its application to the case of a Writ of Error, when the sum rendered by the judgment was, in his opinion, to be deemed the value of the matter in dispute, in the Supreme Court.
 Chase, Justice, agreed in the decision of the Court, because the legal judgment (of which alone the Court could take notice) was for the penalty of the bond, on which the action had been brought; though, in an irregular manner, the record says, that judgment was to be released, upon payment of a smaller sum, than would authorise the party to bring a writ of error. He thought that to ascertain the value of the matter in dispute, the Court must always refer to the original suit; but he would not admit, that the demand of the plaintiff furnished the rule, as the plaintiff might, on that ground, entitle himself in every case to a writ of error, by laying his damages proportionally high.