200]          *JOHN NICHOL v. ANDREW PATTERSON.

Justices of the peace have no jurisdiction of actions upon the case for nuisance.

Defendant appeals from a judgment of a justice of the peace in action of nuisance. The cause is docketed in the common pleas. Declaration filed and pleas put in. Defendant may then move to quash proceedings for the original defect of jurisdiction. Upon quashing such appeal, no judgment can be given for costs.

THIS cause was adjourned from the county of Belmont, where it came before the court upon a writ of *certiorari* to the court of common pleas, in the following case:

The plaintiff brought an action on the case against the defendant for a nuisance, in causing the water to flow back on plaintiff's

184

Nichol *v.* Patterson.

land by a mill-dam. The suit was brought before a justice of the peace, and judgment rendered against the defendant, who took the case, by appeal, before the court of common pleas. A declaration was filed, pleas put in, an issue joined, and an order of survey made. After all these proceedings, the defendant, the appellant, moved to quash the appeal, on the ground that the law gave a justice of the peace no jurisdiction in an action on the case for a nuisance. The court of common pleas made an order quashing the appeal, and gave judgment against the plaintiff for costs. To reverse this order and judgment the writ of *certiorari* was brought.

TAPPAN, for plaintiff in *certiorari.*

J. C. WRIGHT, for defendant.

By the COURT:

Three questions are presented for the consideration of the court:

1. Had the justice jurisdiction of this action?

2. Have the parties waived jurisdiction by pleading, suffering, continuances, etc. ?

3. If the court of common pleas had no jurisdiction, could a judgment be rendered for costs on dismissal?

1. The cases excepted from the jurisdiction of justices of the peace are "actions against justices of the peace for misfeasance in office, actions of ejectment brought to obtain possession of lands and tenements, actions of replevin, actions of slander, actions on contracts for real estate, or when the title of land is called in question, except trespass on real *estate," etc. In this [201 action, a mere naked possession, a title of the lowest and most imperfect degree, but nevertheless a title, is necessary to enable the plaintiff to support it. It is settled that, in personal actions against a wrong-doer, it is sufficient to state in the declaration that the plaintiff was possessed without setting forth specially the title. Cro. Car. 499; Com. Dig., Pleader, C, 39; 3 Term, 766. It can hardly, however, be denied, that possession is one species of title, and that this must either be established on the trial, or the plaintiff will be nonsuited. The title, so far as possession constitutes it, is the first question to be determined at the trial, and if the plaintiff fails in this, he must fail in the cause. It may be ascertained *prima facie,* and this may be rebutted by testimony on

the other side. 3 Starkie's Ev. 987. The word *title* in the statute must be taken in its technical, legal sense, and if so, a naked pos· session must be admitted to be comprehended in the term.

It has been suggested, in favor of the justice's jurisdiction over this and other similar actions, that although it is necessary to set out the title of the plaintiff in the declaration, yet until the pleadings disclose a question concerning it, the jurisdiction of those inferior courts is not ousted by the statute. If this was the true criterion, it would be within the power of the defendant, at any time, to preserve or destroy the jurisdiction of the court. This would leave no rule by which the jurisdiction could be ascertained. Certainly a matter so important as the jurisdiction of a court ought to have, if possible, some rule of general application. Hence in the case of Hulsicamp *v.* Teel, 2 Dall. 358, the court held the damages laid in the declaration, and not the amount assessed by the jury, as evidencing jurisdiction. Indeed, the mere discretion of the party, or the finding of a jury, upon a question of damages, ought not and can not affect the jurisdiction of the court. The same principle has been decided by the English courts. 3 Burr. 1592; 2 Will. 48.

But if doubts could be entertained whether this case is excluded from the jurisdiction of justices of the peace, section 67 of the judiciary act would seem completely to remove them. The statute declares "that in all actions for libel, slander, malicious prosecution, assault and battery, *action on the case for a nuisance,* 202] etc., if the jury, upon the trial *of the issue, or on inquiry of damages, shall find or assess the damages under five dollars, the plaintiff shall not recover any costs." It is true this act is prior in date to that regulating the duties of justices of the peace, but both were passed the same session. The same class of cases has long been excluded from the jurisdiction of justices of the peace, and while they were excluded, a separate law was passed, the same in substance as the provisions in section 67 of the judiciary act. Upon a fair comparison of these acts, and a correct construction of their provisions, no doubt can be entertained that the legislature considered the action on the case for nuisance not within the jurisdiction of justices of the peace. Upon a different construction of these statutes on an appeal by either of the parties, the plaintiff could not recover costs, unless the jury assessed the damages to five dollars or upward. It would be difficult to dis·

Nichol *v.* Patterson.

cover a plausible reason for making the action on the case for nuisance an exception to all others in this respect. This would be the only exception to the general law, that where the matter in controversy is within the jurisdiction of a justice, the costs, whatever the amount assessed, should follow the damages. If the actions of ejectment, slander, etc., ought not to be tried by a justice of the peace, by reason of their greater importance to the community and to the parties, or the greater difficulty of comprehending and applying the rules which govern them, it seems quite proper that actions on the case for nuisance, which frequently present very complex questions of vast importance to estates, depending, for their decision, upon nice discrimination and accurate knowledge of law, should also, in the first instance, be brought before the courts of record, where the judges are selected from the profession, and are supposed to have a more perfect knowledge of the legal rights of the parties. But it seems unnecessary to resort to the reason for the particular exclusion, where the legislature has put a construction upon the justices' act which shows a manifest intention to exclude the action under consideration from their jurisdiction.

2. The question presenting more difficulty is, whether the defendant, by suffering continuances, pleadings in bar, etc., has not precluded himself from making objections to the jurisdiction of the court. It appears to be a general *rule that objections to [203 the jurisdiction come too late after a plea in bar, and that the want of it must be taken advantage of by plea. 2 Ven. 484; Co. Lit. 127; 6 Cow. 161; 3 Johns. 105. To this general rule there are exceptions. Where the court has no jurisdiction at common law, or it has been taken away by an act of the legislature, such want of jurisdiction may be pleaded in bar, or be given in evidence, under the general issue, and is not properly the subject of a plea in abatement. 1 Chitty, 428; 1 East, 352; 6 East, 583. In the case of Parker *v.* Elding, 1 East, 352, the plaintiff brought his action for depasturing cattle, etc., and proved himself entitled to recover a sum under forty shillings

The defense set up was, that the debt was contracted in the Isle of Ely, and the statute of 18 Geo. III., c. 36, which declares, " that no action or suit for any debt not amounting to forty shillings, and recoverable, by virtue of this act, in the said court of request, shall be brought against any person residing or inhabiting, within

the jurisdicton thereof, in any of the king's courts of Westminster, ect., or elsewhere, out of the said court of requests." The court held they were bound to take notice of this law. How, then, say the court, can we say that the plaintiff shall recover against the positive direction of the act? The decision was against the exercise of jurisdiction. The case under consideration, upon the face of the papers, was in the common pleas, and must have been tried by that court, by virtue of its appellate, and not of its original jurisdiction. It is the essential criterion of appellate jurisdiction, that it revives and corrects the proceedings in the cause already instituted, and does not create that cause. 1 Cran. 175. The courts of justices of the peace, if not all others in this state, are of limited jurisdiction. If not inferior, in the technical sense, so that transcripts of their proceedings must show jurisdiction, they are limited, and when it appears that the powers given by law have been transcended, the appellate court is authorized to treat the proceedings as a perfect nullity. The appellate jurisdiction of the common pleas is based upon the jurisdiction of the justice whose transcript is brought up. If it appears from that, the justice had no jurisdiction, the superior court is left to create the cause, or dismiss it. A safe and convenient general rule for this court to adopt, would perhaps be, that, *when upon the face of the papers it appears that the appellate, and not the original powers of the common pleas are sought by the parties, and that the subject matter was not within the jurisdiction of the justice, to dismiss the proceedings, upon motion, in any state of the cause; but when the papers do not sufficiently disclose these facts, and the defendant pleads in bar, to consider the process as waived, or the jurisdiction admitted. This will preserve the distinction between the original and appellate jurisdiction of the court, and prevent the confusion and difficulties which might arise, either from the illegal exercise of powers by justices of the peace, or by having the independent judgment. of two courts for the same cause of action. The latter would have been the case in this instance, if the common pleas had considered the proceedings of the justice a nullity, for want of jurisdiction, and had treated the cause as originating in the higher court. We are of opinion that an appellate court, as such, has no jurisdiction of the subject matter where the court in which the cause originated had none. Therefore, when the parties themselves show the fact, it is the

duty of the appellate court, in any stage of the proceedings, to dismiss the cause, and leave the costs to be recovered by those interested in them.

The judgment of the court below is affirmed, as to the dismissal of the cause, and reversed as to the judgment for costs. See Kennedy *v.* Terrell, Hard. 490.