### SLOAN v. MERCHANTS' SAVINGS & TRUST CO. OF PITTSBURG.

(Circuit Court of Appeals, Third Circuit. April 2, 1908.)

No. 64.

1. REPLEVIN—NATURE OF ACTION—POSSESSION.

Though the question of title to personal property may be litigated in replevin, if properly brought, the action independent of statute is a possessory one brought by complainant to recover possession of personal property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, § 1.]

2. SAME—STATUTES—BOND.

Acts Pa. 1901 (P. L. 88, No. 61, § 1), declaring that plaintiff in replevin shall give bond, with condition that if he fails to maintain title to goods or chattels he will pay to the party entitled their value and legal costs, etc., does not authorize the giving of such bond in any case in which plaintiff is in possession of the property, title to which he seeks to establish in replevin.

3. SAME—PLAINTIFF IN POSSESSION.

Plaintiff may not maintain replevin to establish title to chattels of which he is in possession at the time suit is brought either at common law or Acts Pa. 1901 (P. L. 88, No. 61), regulating procedure in such action.

In Error to the District Court of the United States for the Western District of Pennsylvania.

John C. Bane, for plaintiff in error.

A. C. Stein, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. This case is before us on a writ of error taken for the reversal of the judgment of the district court for the Western District of Pennsylvania in an action of replevin brought by the Merchants Savings and Trust Company of Pittsburg, Trustee in bankruptcy of Henry Weinstock, trading as the Grand Rapids Furniture House, against Sophia Sloan. The property mentioned in the writ of replevin and declaration consisted of furniture, carpets and other household goods, formerly belonging to the bankrupt and alleged to have been transferred by him on or about March 16, 1905, to Mrs. Sloan without adequate consideration, and for the purpose of cheating and defrauding his creditors. It appears from the record and is not disputed, but admitted, that most of the property included in the writ was at the time the action was brought in the possession of the trustee in bankruptcy; and it further appears from the record that it is at least doubtful whether the residue of the property mentioned in the writ was not at that time also in its possession. After all the evidence in the case had been adduced the counsel for Mrs. Sloan submitted a motion that the jury be directed to return a verdict for the defendant; one of the grounds on which the motion was based being as follows:

"(f) It is alleged in the declaration, filed by the plaintiff in said action, that 'plaintiff has made demand of defendant for the delivery of said goods and merchandise, but defendant has neglected and refused and still neglects and refuses to deliver possession thereof to the plaintiff'; and it appears by the evidence introduced by the plaintiff that the plaintiff was in possession of said goods and merchandise at and before the date when said action was brought and the writ of replevin was issued therein; and it also appears by the evidence introduced by the plaintiff that, at the time said action was brought and the writ of replevin was issued therein, the defendant was not in possession of said goods and merchandise; and it further appears by the evidence introduced by the plaintiff that all of said goods and merchandise have heretofore been sold by the plaintiff."

The court overruled the motion and the case having been submitted to the jury without argument a verdict was returned in favor of the plaintiff. Notwithstanding the fact that the subject of possession was thus brought to its attention, the court did not submit to the jury any question touching the possession by the plaintiff at the time of the commencement of the action of the whole or any portion of the property mentioned in the writ and declaration, or in any manner refer to that subject. On the contrary it confined itself to the question of title, and on that point, among other things, charged the jury as follows:

"If you find the title to the goods in question at the time of the bringing of this suit was in the Merchants Savings & Trust Company, the Trustee of Henry Weinstock, it is your duty to find in favor of the plaintiff in the case."

This portion of the charge is the subject of the third assignment of error. The assumed exclusiveness of the question of title was ac-

centuated in other portions of the charge, among which are the following:

"It is an action of replevin; and, in the shape in which this action is, it resolves itself into the question of the title of the goods in question. * * * If you find the title to those goods is in Sophia Sloan, the defendant, it is your duty to find a verdict in her favor. * * * The question for you to determine under the evidence here is whether the goods, the title to the goods, remained in Henry Weinstock for the benefit of his creditors, or whether the title to those goods was vested in Sophia Sloan. * * * If you find that this purchase was in good faith for a present fair consideration, return a verdict in favor of this defendant, Sophia Sloan. If you find it was not, that the title to these goods was in the bankrupt, you will find a verdict in favor of the plaintiff in this case."

The relevancy or materiality of the question of possession was wholly ignored. We think there was reversible error in the portion of the charge quoted in the third assignment. Certainly, aside from the statute of Pennsylvania, No. 61 of the acts of the Session of 1901 (P. L. 88), replevin is a possessory action brought by the plaintiff for the recovery by him of the possession of personal property. It is true that the question of title may be litigated in the action, if properly brought, but the action cannot properly be brought by one who is already in possession of the property mentioned in the writ and declaration. Nor do we find anything in the state statute referred to which either requires or will permit an action of replevin to be brought by one who is already in possession. Section 1 provides for a replevin bond, with condition as follows:

"If the plaintiff or plaintiffs fail to maintain their title to such goods or chattels, he or they shall pay to the party thereunto entitled the value of said goods and chattels, and all legal costs, fees and damages, which the defendant or other persons, to whom such goods or chattels so replevied belong, may sustain by reason of the issuance of such writ of replevin."

Section 2 of the act provides as follows:

"If any other person than the defendant named in the writ be found in possession of the goods and chattels he shall be duly served with the writ, and his name added as a party defendant to the cause. The writ shall command the sheriff to serve the party in possession as well as the defendant named."

The statute requires the writ to be served on the party in possession, and the idea that the writ shall be served on the person who sues it out is absurd. There is nothing in the statute to countenance the notion that the action will lie for the recovery of property of which the person suing is already in possession. Hence, the question of title to the property replevied can legitimately arise in an action of replevin only when brought by one out of possession; for, if the plaintiff be in possession, the action cannot be sustained at all. It follows as a corollary from what has been said that section 1 of the state statute in providing for the execution and filing of a replevin bond does not exact, authorize or countenance the giving of such bond in any case in which the plaintiff is in possession of the property for which he mistakenly brings his action. A bond required under such circumstances is exacted without legal authority and is a nullity. The judgment below must be reversed, with costs, and a venire facias de novo awarded; and it is so ordered.