Smith, Executrix, *v.* Berlinberg, Appellant.

Argued December 1, 1930.   Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

204

206

*Joseph H. Shoemaker,* for appellant.

*Noar Klein,* for appellee.

PER CURIAM, January 5, 1931:

Plaintiff, executrix of the estate of Frederick M. Smith, in her bill seeks to secure an accounting and obtain control of a going business concern left by her decedent, in which defendant claimed an interest as partner, and of which he had control as manager, under an agreement with Frederick M. Smith made during his lifetime.

On the same day that plaintiff's bill was filed for an accounting and control of the business, she also issued a writ of replevin, to secure possession of the physical assets of the business and for damages for their detention. Defendant filed a counterbond in this proceeding and thereby retained possession of the property.

A decree in the equity proceeding was made ordering defendant to make a true and complete accounting of the business in question and to pay plaintiff all sums due in accordance therewith, as prayed for in

the bill; and further, without a prayer to that effect, ordering delivery to plaintiff of all assets and property of the business. Defendant filed exceptions to the decree, which were overruled. No appeal from this action was taken, and, two months after the date of the decree, defendant tendered plaintiff possession of the goods in question.

In the replevin action, on declaration filed, following the decree in equity, the court made absolute a rule for judgment for want of a sufficient affidavit of defense, but "without prejudice to defendant to offer such defenses as may be available to him in proceedings to assess damages on a writ of inquiry." The appeal before us is on this ruling, defendant claiming that the two proceedings were on identical issues and, consequently, a decree having been entered in the equity proceeding, plaintiff was not entitled to judgment in the replevin action.

The court below correctly held that the decree in the equity proceeding did not prevent plaintiff from pressing for a judgment in the replevin case, but that plaintiff was entitled to judgment for possession, and that, defendant having taken possession by filing a counterbond, "plaintiff was not obliged to accept a tender of [the property] but could, at her option, either proceed on a judgment in replevin by a writ of retorno habendo or to recover the value of the goods by way of assessment of damages on a writ of inquiry." The court further stating that "By making the rule for judgment absolute nothing is decided as to the plaintiff being entitled to recover money damages. On the contrary the order of the court granting judgment was stated to be without prejudice to the defendant to set up any defense avilable to him in proceedings to recover damages on a writ of inquiry. If on such proceedings it should appear that it is true, as stated by him in his affidavit of defense, that he returned the goods to the plaintiff and that the latter accepted the

same, the plaintiff obviously would not be entitled, under such writ of inquiry, if one be issued, to recover the value of the goods; her recovery would be limited to damages for detention, if any, until the goods were so returned." The conclusion reached by the court below was clearly correct.

The judgment of the court below is affirmed.