The M. Mort. Corp. *v.* Hagerling, Appellant.

149

Argued March 22, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*William H. Neely,* and with him *Victor Braddock,*
for appellant.

*Maurice R. Metzger* of *Metzger & Wickersham* and
with him *W. F. Galbraith,* for appellee.

Opinion by Stadtfeld, J., July 14, 1932:

This is an action of replevin and grows out of a
bailment lease executed between the appellee, plaintiff
in the lower court proceedings, and the appellant, de-
fendant in said proceedings. Praecipe for the writ
was issued by the plaintiff May 10, 1923 for the pur-
pose of recovering the possession of a certain Premier
coupe then in the possession of the defendant. Along
with its praecipe, the plaintiff filed an affidavit, setting

forth the value of the automobile to be $2,000. The defendant, on May 14, 1923, filed its counterbond, and retained possession of the automobile. On September 23, 1924, defendant was adjudicated a bankrupt. The trustee in bankruptcy obtained the automobile replevied as part of the assets of the bankrupt estate, and on or before October 31, 1924, the plaintiff asserted ownership of said automobile, and demanded possession thereof, whereupon it, the said plaintiff, and the trustee entered into an agreement under the terms of which, the trustee was to sell the automobile, and the plaintiff was to make its claim of ownership and possession to the referee in bankruptcy. Upon making such claim, the referee determined that the plaintiff was entitled to the possession of the car at the time of the entry of the replevin proceedings, and awarded to plaintiff the net proceeds of the sale, amounting to $911.11, which were turned over to plaintiff on March 8, 1927.

On May 24, 1928, plaintiff filed its declaration, setting forth its ownership of the automobile on October 1, 1922, the leasing of the same on said date to the defendant under a written agreement for the term of twelve months, the failure of defendant to make the payments provided for under said agreement, the right of plaintiff to repossess the same, and that the action was brought for the recovery of the automobile, or for the fair market value thereof, together with damages for the detention thereof.

The defendant filed its affidavit of defense thereto, setting forth the bankruptcy of the defendant, the election of the trustee, the agreement between the plaintiff and the trustee, the awarding of the ownership and possession of the automobile to the plaintiff by the referee, and the turning over of the proceeds of the sale of said automobile to the plaintiff in the manner above set forth.

The case proceeded to trial under the pleadings

above referred to. There was apparently no evidence of any special damage by reason of the detention.

The court submitted to the jury certain questions, which, with the answers, are as follows:

"What was the market value of the car in question on May 10, 1923? $2,200.

"What was the market value of the car on or about October 31, 1924, when the car was sold by the trustee in bankruptcy? $1,700.

"What, if anything, is the plaintiff entitled to recover as damages for the detention of the car from May 10, 1923 when the replevin proceeding was started, until October 31, 1924, when it was sold? No damages."

A general verdict was rendered in the sum of $2,200.

The defendant, on June 12, 1931, filed a motion for new trial, and a motion for judgment n. o. v. On January 4, 1932, the court overruled defendant's motion for judgment n. o. v., and likewise overruled its motion for new trial, and on January 8, 1932, entered judgment in the sum of $2,090.83 in favor of plaintiff.

The court, HARGEST, J., arrived at this sum by taking the value of the car on May 10, 1923 at $2,000, the value of the car as claimed by plaintiff in its praecipe for the writ of replevin, adding thereto interest from May 10, 1923, the date of the writ, crediting the sum of $700 received from the trustee in bankruptcy (this should be $911.11), and adding interest on $1,300 from May 8, 1927 to June 8, 1931, date of verdict.

From the judgment so entered, this appeal is taken.

When the plaintiff authorized the sale by the trustee in bankruptcy, and agreed to take the proceeds therefrom, and did receive the same, it in effect had obtained possession of the automobile. Plaintiff having been awarded title, and having received what is the equivalent of the possession of the automobile, there were no issues to be tried by the jury in this proceed-

ing, except the question of damages for the detention of the automobile.

Section 6 of the Act of 1901, P. L. 88, commonly known as The Replevin Act, reads in part as follows:

"The declaration and affidavit of defense as originally filed, or as amended by leave of court, shall constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels as between all the parties shall be determined by a jury."

The only issues that can be set forth under the pleadings are the title to or right to possession of the goods and chattels.

Section 7 of the same act provides:

"If the title to said goods and chattels be found finally to be in a party who has not been given possession of the same, in said proceeding, the jury shall determine the value thereof to the successful party, and he may, at his option, issue a writ in the nature of a writ of retorno habendo, requiring the delivery thereof to him, with an added clause of fieri facias as to the damages awarded and costs, and upon failure so to recover them, or in the first instance, he may issue execution for the value thereof and the damages awarded and costs; or he may sue, in the first instance, upon the bond given, and recover thereon the value of the goods and chattels, damages and costs, in the same manner that recovery is had upon other official bonds."

Under the provisions of this section, the jury must be satisfied that the title to the goods and chattels is in a person who has not been given possession of the same. The finding of the jury must therefore be based on the question of title to, or possession of, goods and chattels.

These questions had been settled by the referee in bankruptcy, and the plaintiff had received a fund de-

rived from the proceeds of the sale of the automobile, which sale it had expressly authorized the trustee to make, and which sum it had agreed to accept.

The learned court fell into error in that it conceived appellee's action to be in the nature of a claim for the value of the automobile instead of an action to try title to, or possession of said automobile. The replevin action was instituted before there was any bankruptcy proceedings. There was no declaration filed, however, until after the referee had determined that plaintiff was entitled to the possession of the car at the time of the entry of the replevin proceedings, and awarded to plaintiff the proceeds of the sale made with the latter's consent.

Obviously having consented to the sale, and accepted the proceeds of the same, plaintiff could not thereafter press for a recovery of the automobile or its value. His recovery must be limited to damages for detention.

The learned court below in effect permitted the appellee, after accepting the proceeds from the sale made with his consent, to recover in the replevin action for the balance between the stated value of the automobile with interest, and the amount derived from the sale.

Appellee contends that the bankruptcy of a lessee or bailee of an automobile does not terminate legal proceedings instituted more than four months before the adjudication of the lessee or bailee as a bankrupt. This is true as a general proposition, but it has no application to the instant case, for the reason that appellee by its own acts changed the status in consenting to the sale by the trustee, and accepting the proceeds thereof.

This case is ruled by the case of Smith, Executrix v. Berlinberg, 302 Pa. 202. In that case the Supreme Court held that where a plaintiff in a replevin action had retained possession of the goods and chattels replevied, she could not thereafter maintain an action in

replevin except for damages for the detention of said goods and chattels. If in the instant case, the referee had awarded the ownership and possession of the automobile to the appellee, who had accepted the same, and taken the automobile into its custody, said appellee would come directly within the ruling of the Berlinberg case. Having been awarded the ownership and possession of the automobile, and having taken the same into its custody, the question of title to, or possession of the automobile would no longer have been at issue, and there could have been no recovery except for damages for detention. See Sloan v. Merchants' Savings & Trust Co., 160 Fed. 654 (C. Ct. of Appeals, 3rd Ct. 1908).

In the language of BRADFORD, D. J., in the case last cited, construing the Pennsylvania replevin act: "There is nothing in the statute to countenance the notion that the action will lie for the recovery of which the person suing is already in possession."

Likewise in the case of Duroth Mfg. Co. v. Cauffiel, 243 Pa. 24, our Supreme Court said by Mr. Justice MOSCHZISKER (29):

"(2) In considering the second question, we must start with the rule in mind that when a plaintiff recovers the value of property replevied the effect is to transfer the title to the defendant: Fisher v. Whoollery, 25 Pa. 197; Hardic v. Young, 55 Pa. 176, 177. Under this rule the plaintiff receives the value of the articles retained by the defendant, and, where shown, sufficient incidental damages to compensate him; but, on the other hand, the defendant is supposed to get and retain property of a like value."

Under the views we have expressed above, we believe the lower court erred in including in the judgment entered the value of the automobile. The only remaining question is the question of damages for detention.

The jury by its special verdict found that there were no damages due the appellee for detention.

Any decrease or difference between the value at the date of the conversion and at the time of the writ, which is properly attributable to the defendant, can be allowed as damages for detention: Duroth Mfg. Co. v. Cauffiel, supra.

Ordinarily, only interest on the ascertained value from the date of the conversion to the date of the verdict can be recovered, in the absence of any evidence of special damages.

The jury however found a difference in value between the date of issuing the writ of replevin, May 10, 1923, and the date of sale, October 31, 1924, in the sum of $300. In view of these findings, said sum must therefore be treated as the full allowance for damages between the dates mentioned.

Plaintiff also is entitled to interest on $911.11, proceeds of sale, from date of sale, October 31, 1924, to March 8, 1927, the date when the same were paid over to him.

The trial court has power to put a verdict into form so as to make it express the real finding of the jury. Likewise, in the appellate court, the judgment may be reduced to such an amount as the evidence and verdict warrant. Applying these principles, we believe that an equitable disposition of this case is to allow as damage for detention, the sum of $300 (being the difference in value between the date of issuing the writ and the date of sale), plus interest on $911.11, proceeds of sale from date of sale until date of payment, March 8, 1927.

The calculation we make on the foregoing basis is as follows:

Damages for detention ................... $300.00  
Interest on $911.11 from October 31, 1924  
   to March 8, 1927 ..................... 128.61  

                                        $428.61

The assignments of error are sustained in so far as the judgment entered is inconsistent with this opinion, and judgment is now entered in favor of plaintiff and against defendant in the sum of $428.61, with interest from June 9, 1931.