Francis *v.* Shore et al., Appellants.

512

Argued October 4, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*David S. Malis,* for appellants.

*John Kennedy Ewing, 3rd,* of *Saul, Ewing, Remick & Saul,* for appellee.

Opinion by Cunningham, J., December 17, 1937:

The subject matter of this replevin proceeding was a Packard automobile, worth, according to the verdict of the jury, $1,200.

Disregarding a number of immaterial and incidental matters, to which considerable attention was given at the argument, the underlying issue in the case, as framed by the amended pleadings, was whether on the date of the issuance of the alias writ Frank B. Francis, the plaintiff, had title to and the right of possession of the car, or whether title and right of possession were in Shore Brothers, the defendants and appellants herein. That issue was, under the evidence, one of fact; it was submitted to the jury by the learned trial judge, Barnett, P. J., specially presiding, in a clear and comprehensive charge and decided in favor of the plaintiff.

A subsidiary question is whether plaintiff was entitled to a money verdict of $1,200—subsequently reduced, by remittitur, to $884.28—and to the judgment entered thereon by the court, in banc, being the judgment from which this appeal was taken by the defendants after their motion for a new trial had been overruled.

The theory upon which the court below entered the judgment was that it represented "the difference between the value ($1,200) of the property of which the plaintiff was deprived and the amount ($315.72) which he received prior to trial as the result of the institution of this proceeding."

Eleven assignments have been filed; they relate to the holding below that appellee was entitled, under the facts appearing from this record, to damages, the instructions of the trial judge as to the measure thereof, and alleged errors in excluding certain offers of evidence.

As appellants did not here adopt and follow the usual procedure of defendants in replevin, and as title to and right of possession of the car were finally found to be

in the appellee who was neither given actual possession nor protected by a counter bond, a resume of the history of the case is essential to an understanding of the questions involved upon this appeal.

Accepting, as we must, the appellee's version of all disputed issues of fact, the record discloses the following chain of events.

The appellee, Francis, was a dealer in automobiles in the City of Chester, Delaware County. Some time in May of 1932 he acquired the used 1931 Packard Club Sedan here involved by way of a trade from a Philadelphia auto dealer. On October 17, 1932, he discovered this car had been missing from his place of business for several days; on October 18th he reported it to the police as stolen.

Appellants, Shore Brothers, were also automobile dealers, conducting their business at 4221 Chestnut Street, Philadelphia. Their evidence shows they purchased the car in question for $950 from one George P. Forman who delivered it to their place of business in Philadelphia on October 12, 1932. Forman dealt in used cars and rented a vacant lot in Chester for that purpose. Subsequent to the sale to appellants, Forman disappeared.

Although a collateral matter, it may be here noted that appellants sold the car a few days later (October 20th) to M. D. Robinson of Curwensville, Pa., for $1,250. As a result of litigation, involving a bailment lease of the car by the Fidelity Investment Company, of Philadelphia, to Forman, which lease was prior to Forman's sale to appellants, the latter, on April 26, 1933, repaid Robinson his $1,250 and again took possession of the car.

The proceedings upon the original writ need not be detailed. Shortly after appellants had taken the car back from Robinson, viz., on May 8, 1933, the alias writ in this case was issued and the sheriff made return

thereto that he had replevied the car in the possession of appellants.

It was at this point appellants adopted a procedure that took this case out of the statutory channel provided for proceedings in replevin and injected into it certain complications which render inapplicable some of the rules subsequently contended for by them.

During the period of seventy-two hours fixed by Section 3 of the Act of April 19, 1901, P. L. 88, (as finally amended by the Act of May 17, 1923, P. L. 249, 12 PS § 1826) for such purpose, the appellants did not give the counter bond authorized by that section. Instead, they filed two petitions, within the period and while the car was in the possession of the sheriff as required by the statute, praying in one for a rule upon appellee to show cause why his action should not be consolidated with a proceeding in replevin for the same car then pending between Robinson and Fidelity Investment Company and growing out of the circumstances above mentioned, and in the other for a rule to show cause why appellee's alias writ should not be quashed. Upon the motion of counsel for appellants, rules were issued as prayed for on May 10, 1933, and in connection therewith he obtained orders staying all proceedings in the meanwhile. The effect of these rules and orders upon the rights of appellee was that he got neither the car nor a counter bond at the expiration of the seventy-two hour period. Another responsibility assumed by appellants in obtaining the orders staying proceedings was that of permitting the car to remain indefinitely in the possession of the sheriff.

Although answers were promptly filed denying appellants' right to have the writ quashed or the proceedings consolidated, they did not pursue the matter with any degree of diligence, but a year and a half later, viz., on November 2, 1934, withdrew their rules. The sheriff, because of the stay of proceedings, stored the car with the Atlas Storage Company. After holding it

some nine months, that company, through Samuel T. Freeman Company, auctioneers, sold the car at public auction for accrued storage charges amounting to $161.72. Prior to the sale, the storage company made demand for payment of its charges upon the sheriff and also upon appellants, but no demand was made upon, or actual notice of the sale given to, appellee. The statement to the contrary at the bottom of page thirty of appellants' brief is in direct conflict with the positive and uncontradicted testimony of the representative of the storage company at page 110a; it is not supported by the testimony at page 113a (cited in the brief) and should not have been made. The net proceeds of the sale remaining after payment of the auctioneer's commission and storage charges, namely, the above mentioned sum of $315.72, were turned over to and received by appellee. Following the filing of an amended declaration and an affidavit of defense thereto, the case finally came on for trial on January 27, 1937.

As we understand the argument of counsel for appellants, his chief complaint is that appellee was permitted to recover a money verdict for the difference between the value of the car at the time of the service of his writ and the net amount realized from the sale by the storage company. His argument is based upon the proposition that under the facts, as above related, appellee *in effect* obtained possession of the car and, therefore, at the most was entitled only to damages for its detention. No evidence was introduced with respect to any depreciation.

In support of this contention, the case of *The M. Mort. Corp. v. Hagerling,* 106 Pa. Superior Ct. 148, 161 A. 447, is cited and relied upon. The controlling facts in that case were that in an action of replevin for an automobile it appeared that the plaintiff corporation had leased the car to the defendant, a motor car company, and instituted its action in replevin after a default by the latter. The defendant filed its counter

bond and by so doing was entitled to, and did, retain possession of the car. More than four months thereafter the defendant was adjudicated a bankrupt and the trustee obtained the car as part of the assets of the bankrupt estate. Subsequently, the plaintiff and the trustee expressly agreed that the trustee should sell the car and turn the proceeds of the sale over to the plaintiff. This was done, and more than a year after the proceeds had been paid to the plaintiff it proceeded with its action by filing its declaration; defense was made upon the ground of the bankruptcy and the agreement between the plaintiff and the trustee for the disposition of the car.

We there held that, as the plaintiff had expressly authorized the trustee to sell the car and had accepted the proceeds pursuant to the agreement, it, in effect, obtained possession and was only entitled to damages for detention; the judgment, which had been entered for the value of the car as set forth in the praecipe, less the sum received from the trustee with interest upon the balance, was modified accordingly. This mere statement of the basic facts in that case distinguishes it from the case in hand.

Here, there was no agreement by the appellee that the car should be sold by the sheriff or any other person. As already indicated, the sale was made not only without the consent of the appellee, but also without even actual notice to him. We, therefore, cannot agree that this appellee, *in effect,* obtained possession of the car. On the contrary, appellants, having elected not to give a counter bond, prevented the appellee from obtaining possession of the car (which would otherwise have been given him in due course of law) by obtaining the orders staying the proceedings. In other words, the appellants, by their petitions, rules and orders, restrained the sheriff from delivering possession

of the car to the appellee at the expiration of the seventy-two hour period.

The case at bar more nearly resembles that of *Miller v. Warden, Frew & Co.*, 111 Pa. 300, 2 A. 90, in which the defendant in certain replevin proceedings for 8,000 barrels of oil, having gone into bankruptcy, obtained a restraining order from the federal court and thus prevented the sheriff from replevying the property claimed. Prior to the obtaining of the order a declaration had been filed and the defendant had entered its appearance. As a result of the restraining order the sheriff made no return to the writ. It was held that the fact that the sheriff had been restrained from taking the goods was not a bar to the action; that the lack of a return by the sheriff did not constitute a defense for the reason that there was a general appearance by the defendant; and that as the action of replevin is not solely a proceeding *in rem,* but also one *in personam,* the plaintiff was entitled to recover damages to the full value of the property as well as for its detention.

Here, the sheriff had replevied the car as appears from his return to that effect; appellants did not see fit to give a counter bond; but by obtaining the orders staying proceedings prevented the sheriff from delivering the car to the appellee in accordance with the provisions of the statute. We are unable to see why appellee, under the circumstances here present, should be held responsible for any of the consequences flowing from the action of appellants in obtaining the stay orders, except to the extent of giving them credit for the net proceeds of the sale of the car by the storage company.

Under the procedure adopted by appellants in lieu of giving a counter bond, appellee, upon the rendition of the verdict in his favor, was deprived of two of the options given him by section seven of the Act of 1901, supra, 12 PS § 1841. He could not obtain delivery to

him of the car under a writ of retorno habendo because it had been sold for nonpayment of storage charges; nor was there any bond upon which he could sue.

In support of his action appellee proved, to the satisfaction of the jury, that he had title to the car and was entitled to its possession at the time he issued the writ and that his car was seized by the sheriff in the possession of appellants, who had neither title nor right of possession. As we view the case, when the jury found these facts it became their duty, under the section cited, to determine the value of the car "to the successful party" who had "not been given possession of the same." One of the options therein given a successful party not in possession is to "issue execution for the value thereof and the damages awarded and costs." Here, the appellee was not given any damages for detention, although he claimed interest on the balance of $884.28.

We have examined the assignments based upon the exclusion of certain offers of evidence, although these rulings were not complained of or referred to in any way in the motion and reasons for a new trial. The subject matter of the testimony referred to in the sixth, seventh, eighth and ninth assignments related to insurance carried by the appellee upon the car and to claims made against the insurer by him for its loss and certain negotiations in connection therewith. These matters could not properly be considered by the jury in disposing of the issue in this case: *Scranton Gas & Water Co. v. Weston,* 63 Pa. Superior Ct. 570; *King v. Keller,* 90 Pa. Superior Ct. 596, and cases there cited. Complaint is made in the tenth and eleventh assignments of the exclusion of an inspection report upon, and a bailment lease of, the car, both made by the above mentioned Fidelity Investment Company, under date of September 28, 1932. They were offered to corroborate the testimony of witnesses who had testified to their

contents. Appellants were permitted to prove every fact in connection with these matters which could have any bearing upon the issue then for trial and the exclusion of the documents themselves was not harmful to their interests. See, *Penrose et al. v. Coal Co. et al.*, 289 Pa. 519, 137 A. 670.

In our opinion, all the issues actually involved under the pleadings in this case were properly tried and fairly and adequately submitted to the jury. The assignments are severally overruled.

Judgment affirmed.