**UNITED JERSEY BANK SOUTHWEST, N. A.**

v.

**KEYSTONE COLLISION, INC., T/A Allen's 309 Collision Center.**

**Civ. A. No. 79–1736.**

United States District Court,
E. D. Pennsylvania.

Sept. 14, 1979.

Jay M. Starr, Philadelphia, Pa., for plaintiff.

William J. Mazzola, Philadelphia, Pa., for defendant.

POLLAK, District Judge.

Plaintiff, a New Jersey corporation, seeks replevin of a car which it alleges defendant, a Pennsylvania corporation which operates an auto body shop, is wrongfully retaining. Defendant moves to dismiss the complaint

on the ground that the $10,000 jurisdictional amount specified by 28 U.S.C. § 1332 is not in controversy.

Plaintiff attached to its complaint a copy of the certificate of title to the vehicle, showing that it holds a lien for $13,302.72 on the car. Also attached to the complaint is a report on the condition of the car made by an agent of plaintiff who inspected the car at defendant's shop. The report includes a statement, signed by defendant's president, that the car is not to be released without plaintiff's authorization.

The complaint alleges that the value of the car has declined substantially while it has been in defendant's possession. It also alleges that defendant seeks payment of $8,925.27 for repairs performed on the car, but further alleges that plaintiff did not authorize the repairs and that either no repairs, or repairs of much less value, were actually made.

Defendant moves to dismiss, asserting that the amount in controversy is not the value of the car, but the amount it is seeking for repairs. Defendant argues that it will return the car, ending the controversy, for that sum of money, which is less than the $10,000 jurisdictional amount.

A motion to dismiss a complaint for lack of the jurisdictional amount should be granted only if it appears to a "legal certainty" that the plaintiff cannot prove damages in the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

But the burden is on the plaintiff to show the absence of the preclusive "legal certainty." 14 *Wright, Miller & Cooper, Federal Practice and Procedure* § 3702, at 373; see *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

Here, plaintiff seeks to recover the value of the car, and has presented evidence, in the form of the certificate of title to the car, tending to show that the car was worth more than $10,000 at the time defendant took possession. Further, plaintiff has alleged (a) defendant's wrongful possession of the car, and (b) the car's substantial depreciation during the period of wrongful possession. Proof of these allegations would entitle plaintiff to possession of the car plus damages equal to the diminution of the car's value. Cf. *The M. Mort. Corp. v. Hagerling*, 106 Pa.Super. 148, 161 A. 447 (1932).[1]

Because there is a legal theory and a possible set of facts upon which plaintiff might be entitled to a judgment worth $10,000 or more, there is no "legal certainty" that damages will not reach that amount, and defendant's motion to dismiss must be denied.

---

1. *Peyton v. Robertson*, 9 Wheat. (22 U.S.) 527, 6 L.Ed. 151 (1824), is inapposite for two reasons. First, that case involved amount in controversy for purposes of determining the appellate jurisdiction of the Supreme Court. Chief Justice Marshall appears to have distinguished *Hulsecamp v. Teel*, 2 Dall. (2 U.S.) 358, 1 L.Ed. 414 (1796), in part on this ground; and the many cases involving jurisdictional amount in the Supreme Court, *e. g.*, *Martinez v. International Banking Corp.*, 220 U.S. 214, 31 S.Ct. 408, 55 L.Ed. 438 (1911), have not been consistently applied to problems of district court jurisdiction. Second, Chief Justice Marshall noted in *Peyton* that the matter in controversy was the sum for which the property, was taken, and the damages sought for wrongful retention were "nominal." Here, however, plaintiff has alleged that the damage to the property during wrongful retention may be substantial.